ENNES v. DUNHAM.

1. Appeal and Error—Verdict on Conflicting Testimony—Great Weight of Evidence.

Verdict of the jury is not against the great weight of the evidence where the testimony is closely in conflict.

2. Trial—Probability of Proof—Erroneous Instruction.

In motor vehicle accident case, instruction that while preponderance of evidence does not necessarily lie on the side of party offering most witnesses "the probability of the truth lies on the side of the party having the affirmative, which party is the plaintiff," held, reversible error, where only inference was that probability of proof was with the plaintiff rather than that she had burden of proof.

Nelson Sharpe, C. J., dissenting.

Appeal from Houghton; Stone (John G.), J. Submitted March 6, 1934. (Docket No. 148, Calendar No. 37,395.) Decided April 3, 1934.

Case by Gladys Ennes against John Dunham and another for personal injuries sustained in an automobile accident. From verdict and judgment for plaintiff against defendant Dunham, he appeals. Reversed and new trial ordered.

*Carl O. Bay* (*B. H. T. Burritt,* of counsel), for plaintiff.

*William C. Searl* and *Kelley, Sessions, Warner & Eger,* for defendant Dunham.

BUTZEL, J. Gladys Ennes brought suit against John Dunham to recover for injuries sustained in an automobile accident on August 16, 1931. Plaintiff claims that she was a guest passenger in a Pontiac car, which was being carefully driven in a westerly direction on the northerly side of Michigan State trunk line No. 28 in Houghton county; that a Ford car, coming from the opposite direction and driven by Willis C. Medlyn on the north or wrong side of the road collided with the Pontiac car in such a manner as to slightly damage the Pontiac, but not to cause any injury whatsoever to its occupants; that almost immediately thereafter a Buick car, driven by the 15-year old son of defendant Dunham immediately in the rear of the Ford car and also on the north or wrong side of the road, struck the Pontiac with such force that plaintiff was badly hurt. The case was dismissed as to Willis C. Medlyn, who had been made a co-defendant with Dunham. Plaintiff alleges that defendant drove his car at a dangerous and excessive rate of speed, greater than would permit him to bring it to a stop within the assured clear distance ahead, on the left or wrong side of the road, etc. It is unnecessary for the purpose of this decision to discuss the details of

the accident. Plaintiff recovered a judgment for $6,250.

Defendant claims on appeal that the verdict was against the great weight of the evidence. In the brief filed on his behalf, it is conceded that the evidence as to the respective positions of the three automobiles on the highway at the time of the two collisions, a large factor in the determination of defendant's liability, is closely in conflict. When the evidence is closely in conflict, it cannot be said that a determination by the jury in favor of either side is against the great weight of the testimony. The jury has had the advantage of seeing and hearing the witnesses. An examination of the record shows that there is sufficient evidence to sustain a verdict in plaintiff's favor.

Defendant claims that the verdict of $6,250 is excessive. Plaintiff is a married woman, whose age or condition prior to the accident was not shown. Although she sustained no fractures, she did suffer severe bruises in the accident. She received no immediate medical attention but was taken to a doctor's office the following afternoon. Plaintiff claims that for more than three weeks after the collision she had difficulty in lying down and suffered severe pains, and then continuous dull pain up to the time of the trial, 21 months later. She also claims that she has difficulty in moving her arm and that she suffers continually from a dull pain in her shoulder, which tires easily. Her symptoms are almost entirely subjective. A doctor testified that there was still a 25 per cent. immobilization of the arm and that this disability would be permanent. This statement is however modified by his other statement to the effect that the disability would continue for two years more. We need not determine whether the

verdict is excessive or not on the present record, which fails to give us fully the facts, for the case must be sent back for a new trial on another ground, the reversible error in the trial judge's charge to the jury.

We would approve of this charge, had not the trial judge inadvertently made a statement which cannot be overlooked. He instructed the jury that the fact the defendant had a larger number of witnesses than plaintiff was not of itself determinative, if the jury believed that plaintiff's witnesses had correctly stated the facts, while those of defendant were mistaken. He also instructed them that plaintiff must make out her case by a preponderance of evidence. He then pictured a pair of scales evenly balanced, on each side of which the respective testimony of plaintiff and defendant was to be placed, and the testimony thus weighed. Immediately thereafter he stated: .

"That's all we mean by fair preponderance of evidence, which is a fair weight of the evidence. We do not necessarily mean, although it might be so, although we do not necessarily mean, that the preponderance of evidence lies on the side of the party offering the most witnesses, but we mean rather that under all the testimony in the case the probability of the truth lies on the side of the party having the affirmative, which party is the plaintiff, of course, in this case on these issues."

This part of the charge is obviously incorrect. The verdict depended largely upon the weight to be given by the jury to the statements of the witnesses of the respective parties. The only inference that can be drawn from the judge's charge is that the probability of proof was with the plaintiff, who made the affirmative showing, rather than that she

had the burden of proof in making out her case. This is reversible error, which we do not believe was corrected by anything subsequently said.

Even if there be any merit in the other claims of error, they will not arise on a new trial.

The judgment is reversed, with costs to defendant and a new trial ordered.

POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with BUTZEL, J.

NELSON SHARPE, C. J. (*dissenting*). I cannot believe that the jury could have been, or were, misled by the instruction given relative to the preponderance of the evidence. The entire paragraph reads:

"Now, fair preponderance of evidence simply means a fair weight of the evidence. Just imagine now a pair of scales that are evenly balanced. Put the facts in evidence in favor of the plaintiff on one side and put the facts that are in favor of the defendant on the other side of the scales and then see in your judgment on which side the fair balance of weight is. That's all we mean by fair preponderance of evidence, which is a fair weight of the evidence. We do not necessarily mean, although it might be so, although we do not necessarily mean, that the preponderance of evidence lies on the side of the party offering the most witnesses, *but we mean rather that under all the testimony in the case the probability of the truth lies on the side of the party having the affirmative, which party is the plaintiff, of course,* in this case on these issues."

It seems to me that they must have understood by the language italicized that the probability of truth "must lie" on the side of the party having the affirmative, "which party is the plaintiff."

Two firms of competent attorneys appeared for the defendant, and one member of each firm repre-

sented him and took part in the proceedings on the trial. They no doubt listened attentively to the instruction given and, had they understood its effect to have been as now claimed on defendant's behalf, they would doubtless have called the attention of the court to it, while under no legal obligation to do so. But it is apparent that they did not so understand it. They evidently assumed, as doubtless did the jury, that it was a fair statement of the manner in which the testimony should be weighed, with the burden resting on the plaintiff to sustain the preponderance thereof.

Further evidence of their so understanding it is disclosed by the fact that no error was assigned thereon in their motion for a new trial, or in the supplemental notice of appeal filed and served by them.

The bill of exceptions was filed in this court on July 18, 1933. Thereafter additional counsel were employed by the defendant, and on August 29, 1933, they applied to this court for, and were granted, permission to amend the supplemental notice of appeal by alleging the error under consideration. In my opinion it does not warrant a reversal.

The verdict rendered was not so grossly excessive as to demand interference on our part. In disposing of this question on the motion for a new trial, the court said:

"There was evidence on the part of the plaintiff of excruciating pain accompanied with difficulty of breathing for some days after the accident, and that her whole right side has been so affected; that even now at the time of the trial she still has pain in her arm, side and leg on the right side, and that after she has been on her feet for some time, which is almost a daily occurrence, she becomes easily tired in her right leg and side, and has pain. Dr. Evans'

evidence was that by reason of the injury she had suffered a permanent loss of 25 per cent. in the movement and efficiency of her right arm. Nevertheless, because a proper basis was not laid for the recovery of a permanent injury in this respect the court limited the jury expressly to such reasonable damages as the jury might find that the plaintiff would suffer for a reasonable time in the future.

"I am satisfied that there was no error in the trial and no testimony admitted that would bias or prejudice the jury, and under those circumstances I cannot substitute my judgment of the damages for the judgment of the jury."

I concur in the conclusion reached that the verdict was not against the great weight of the evidence.

The judgment should be affirmed.